IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLUTCH AUTO LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 9564 |
| | ) |
| NAVISTAR, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Navistar, Inc.'s (Navistar) partial motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Clutch Auto Limited (Clutch Auto) is a clutch manufacturer. On June 18, 2008, Clutch Auto allegedly entered into a supply agreement (Supply Agreement) with Navistar, a vehicle manufacturer. Under the terms of the Supply Agreement, Clutch Auto allegedly agreed to manufacture and supply clutches to Navistar that met Navistar's unique specifications. To produce clutches for Navistar, Clutch Auto allegedly made a significant investment in research and development,

training, machinery, testing, hiring, and infrastructure. After doing so, Clutch Auto allegedly produced clutches for Navistar based on Navistar's EDI visibility and product forecast requirements.

On February 24, 2011, Navistar allegedly terminated the Supply Agreement. Subsequently, Navistar allegedly refused to purchase more than five million dollars worth of clutches that had been manufactured for Navistar (Inventory). Clutch Auto and Navistar allegedly had several discussions regarding whether the terms of the Supply Agreement required Navistar to purchase the Inventory. At a meeting held on September 19, 2011, Clutch Auto and Navistar allegedly reached a tentative settlement of their dispute. On October 19, 2011, Clutch Auto received an email from Navistar (October Email), requesting that Clutch Auto sign a settlement letter and indicating that a new service parts supply agreement (Service Parts Supply Agreement) would be forwarded to Clutch Auto the following week. On November 9, 2011, Persio Lisboa (Lisboa), Navistar's Chief Procurement Officer, allegedly sent Clutch Auto a finalized settlement letter (Letter Agreement). The terms of the settlement reflected in the Letter Agreement were allegedly contingent upon Clutch Auto signing a release of Clutch Auto's claims against Navistar (Release). Under the terms of the Letter Agreement, Navistar allegedly agreed to pay for $575,545 worth of the Inventory. Navistar also allegedly promised to enter into a Service Parts Supply Agreement, under which Navistar would purchase additional clutches from Clutch Auto to be used as service parts in existing vehicles. In addition, Navistar allegedly agreed to enter into a future supply agreement with Clutch Auto for

clutches to be used in new cars. Further, under the Release, Navistar allegedly agreed to work with Clutch Auto to sell the remaining Inventory as service parts through Navistar's authorized dealers.

Clutch Auto alleges that during several meetings and exchanges prior to the execution of the Letter Agreement and Release, Navistar made misrepresentations regarding its willingness to do future business with Clutch Auto. Further, Navistar allegedly provided a business plan (Business Plan) to Clutch Auto that showed a projected increase in the future sale of Clutch Auto's products to Navistar. On November 9, 2011, Clutch Auto allegedly sent an email (November Email) to Navistar memorializing the agreements between the parties, and Navistar allegedly did not manifest any contrary understanding of those agreements. Clutch Auto alleges that based on Navistar's misrepresentations regarding future business between the parties, Clutch Auto agreed to sign the Letter Agreement and Release. Since that time, Navistar allegedly has not made any effort to work with Clutch Auto to sell the Inventory and allegedly has not made any offer to purchase the Inventory or any other product from Clutch Auto. Instead, Navistar has allegedly purchased clutches for use as service parts from Clutch Auto's competitors. Clutch Auto includes in its complaint a breach of contract claim (Count I), and a promissory fraud claim (Count II), pled in the alternative. Navistar now moves to dismiss the promissory fraud claim, and to dismiss the breach of contract claim as it relates to Navistar's alleged failure to purchase clutches from Clutch Auto, and as it relates to Navistar's alleged breach of the duty of good faith and fair dealing. Navistar has not

3

moved to dismiss the breach of contract claim as it relates to Navistar's alleged failure to work with Clutch Auto to sell the Inventory.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

Navistar argues that the promissory fraud claim should be dismissed and that the breach of contract claim should be partially dismissed.

I. Promissory Fraud Claim

Navistar argues that Clutch Auto has failed to state a valid claim for promissory fraud. Claims for promissory fraud are not generally recognized under Illinois law, but "an exception exists for certain fraudulent schemes, [which] applies if the misrepresentation is embedded in a larger pattern of deception or the deceit is particularly egregious." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 865 (7th Cir. 2013); *see also Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1354-55 (7th Cir. 1995)(stating that "promissory fraud is actionable only if it either is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy"); *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992)(recognizing that "[p]romissory fraud is a disfavored cause of action in Illinois because fraud is easy to allege and difficult to prove or disprove," stating that "the burden on a plaintiff claiming promissory fraud is deliberately high," and indicating that "[i]n order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent-a scheme or device," and that "[i]f he cannot, it is in effect presumed that he cannot prove facts at trial entitling him to relief [because]

otherwise, anyone with a breach of contract claim could open the door to tort damages by alleging that the promises broken were never intended to be performed")(citations omitted). In addition, claims for promissory fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) (Rule 9(b)). *See, e.g.*, *Shair v. Qatar Islamic Bank*, 2009 WL 691249, at *1 (N.D. Ill. 2009).

Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud," which "ordinarily requires describing the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)(citations omitted); *see also* Fed. R. Civ. P. 9(b)(stating that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). Clutch Auto alleges that "Navistar deliberately and intentionally made repeated false promises and misrepresentations, assuring Clutch Auto of Navistar's good faith intentions to continue their business relationship and to work with Clutch Auto to sell Clutch Auto's inventory." (Compl. Par. 3). Clutch Auto also alleges that "Navistar made repeated false promises and misrepresentations to Clutch Auto that it would 'work with Clutch Auto to sell as Service Parts the clutch products already built by Clutch Auto.'" (Compl. Par. 36). Clutch Auto further alleges that "during several meetings and exchanges prior to the execution of the Letter Agreement and Release, Navistar deliberately and intentionally misled Clutch Auto by representing its willingness to enter into a production parts agreement after entering into an agreement with respect to service parts." (Compl.

6

Par. 38). In addition, Clutch Auto alleges that "Navistar deliberately and intentionally misled Clutch Auto by repeatedly representing its good faith, 'sincere desire to make the business relationship between [the parties] successful' and by providing Clutch Auto with rosy sales projections in the Business Plan." (Compl. Par. 43). Such allegations do not include the who, when, where, or how regarding the alleged misrepresentations. Therefore, they do not meet the heightened pleading requirements of Rule 9(b).

Clutch Auto argues that it has met the pleading requirements of Rule 9(b) based on the October Email, the Letter Agreement, the Release, the Business Plan, and the November Email. (Resp. 7). Since these documents are attached to the complaint, the court may consider such documents without converting the instant motion into a motion for summary judgment. *See, e.g., Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

With respect to the October Email, Clutch Auto alleges that Navistar misrepresented in the October Email that Navistar "could forward a new service parts supply agreement *the very next week* if Clutch Auto would sign a settlement agreement and release." (Compl. Par. 17). A review of the October Email, which is attached as an exhibit to the complaint, shows that it was sent on October 19, 2011, by John Dail (Dail), the purchasing manager for Navistar. (Compl. Ex. A). Dail states in the email: "Our team has begun drafting a Service Parts Agreement that we will forward to you next week." (Compl. Ex. A). Thus, the who, what, where, when, and how of the October Email has been adequately pled.

7

However, Clutch Auto has not alleged that it signed the settlement agreement sent by Dail.  Further, the promise of performance reflected in the October Email expired long before November 10, 2011, the date upon which Clutch Auto signed the Letter Agreement it received from Lisboa on November 9, 2011.  Therefore, Clutch Auto cannot have relied on the alleged misrepresentation contained in the October Email to its detriment when signing the Letter Agreement.  In addition, even reading the October Email as Clutch Auto advocates, the promise to send a supply parts agreement following the execution of the Letter Agreement would merely constitute Navistar's performance of its obligations under the Letter Agreement.  Therefore, the October Email does not satisfy the "scheme" exception to the rule barring promissory fraud claims.  *See Desnick*, 44 F.3d at 1354 (stating that "it is not our proper role as a federal court in a diversity suit to read 'scheme' out of Illinois law; [the court] must give it some meaning").

With respect to the Letter Agreement and Release, Clutch Auto points to Navistar's representations in the Letter Agreement that it was Navistar's "sincere desire to make the business relationship between [the parties] successful," and that "based on the success of the parties new service parts arrangement, 'Navistar may consider entering into negotiations for a production supply agreement at some time in the future.'"  (Resp. 7).  Clutch Auto also points to the language in the Release indicating "that Navistar would 'work with Clutch Auto to sell as Service Parts the clutch products already built by Clutch Auto.'" (Resp. 7).  Such representations are pled with sufficient particularity to satisfy the pleading requirements of Rule 9(b).

8

However, such representations constitute part of the actual contractual agreements between the parties. Therefore, they cannot be used to support a promissory fraud claim. *Id.* (cautioning against the "risk of turning every breach of contract suit into a fraud suit," recognizing that "[a] great many promises belong to the realm of puffery, bragging, 'mere words,' and casual bonhomie, rather than to that of serious commitment," and indicating that such words "are not intended to and ordinarily do not induce reliance; a healthy skepticism is a better protection against being fooled by them than the costly remedies of the law").

With respect to the Business Plan that Clutch Auto was allegedly given by Navistar, Clutch Auto has not alleged who gave the Business Plan to Clutch Auto, when, where, or how. Thus, the allegations relating to the Business Plan do not satisfy the heightened pleading requirements of Rule 9(b). Finally, the November Email sent by Clutch Auto cannot form the basis of the promissory fraud claim, since it merely reflects Clutch Auto's understanding of the parties' contractual agreements. Taking into consideration the allegations of fraud that satisfy the particularity requirements of Rule 9(b), Clutch Auto has not sufficiently pled a larger pattern of deception or that the deceit is particularly egregious. *See Shield Technologies Corp. v. Paradigm Positioning, LLC,* 2012 WL 4739263, at *4 (N.D. Ill. 2012)(finding that "[t]here [was] nothing 'particularly egregious' about the fraud alleged," that the plaintiff had "not identified a larger pattern of deception . . . with the particularity that Rule 9(b) require[d]," and that "[i]nstead, [the plaintiff] [had] merely repackaged its breach-of-contract claim as a claim for fraud"). Based on the above, Clutch Auto

9

has failed to state a promissory fraud claim under Illinois law, and the motion to dismiss is therefore granted with respect to that claim.

## II. Breach of Contract Claim

Navistar argues that the breach of contract claim should be dismissed to the extent that it is premised on Navistar's failure to purchase certain auto parts, or to the extent that it is premised on an alleged breach of the duty of good faith and fair dealing.

### A. Failure to Purchase Additional Clutches

Navistar argues that the court should dismiss the breach of contract claim to the extent that it is based upon Navistar's alleged failure to purchase clutches from Clutch Auto. In support of its argument, Navistar contends that the agreements between the parties expressly disclaim any such obligation on the part of Navistar. The Seventh Circuit has recognized that "[w]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom," and that "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Ogden Martin Systems of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999). Navistar has pointed to the language in the Release stating:

> Navistar agrees to work with Clutch Auto to sell as Service Parts the clutch

products already built by Clutch Auto and identified in the July 12, 2011 letter as Inventory from EDI visibility and forecasts, and except as otherwise set forth in this Agreement, Navistar shall have no obligation to order or pay for any clutch products (including such inventory) from Clutch Auto until such inventory has been sold by Clutch Auto.

(Resp. 10)(quoting Compl. Ex. C).

Clutch Auto argues that the language Navistar relied upon does not demonstrate any failure to state a claim on the part of Clutch Auto. In support of its argument, Clutch Auto contends that it has stated a valid breach of contract claim with respect to Navistar's failure to purchase clutch products because Navistar prevented the occurrence of the condition precedent necessary to trigger Navistar's obligations under the Release. A condition precedent is defined under Illinois law as "some act that must be performed or event that must occur before a contract becomes effective or before one party to an existing contract is obligated to perform." *Quantum Management Group, Ltd. v. University of Chicago Hospitals*, 283 F.3d 901, 906 (7th Cir. 2002)(citing *Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Ins. Co.,* 962 F.2d 628, 633 (7th Cir. 1992)). If a condition precedent fails to occur, there can be no breach of contract based on a party's failure to perform. *Id.* However, the Illinois Wrongful Prevention Doctrine "provides that a party that prevents the occurrence of a condition precedent may not rely on such nonoccurrence to refuse to perform." *Id.* (citation omitted).

Under the terms of the Release, no obligation arose for Navistar to order or pay for additional clutch products until Clutch Auto sold the Inventory. Thus, Clutch

Auto's sale of the Inventory was a condition precedent necessary to trigger any obligation by Navistar to order and pay for additional clutch products. Clutch Auto alleges that Navistar promised to work with Clutch Auto to sell the Inventory through Navistar's authorized dealers, and that Navistar failed do so. However, there is nothing in the complaint to suggest that Clutch Auto could not have sold the Inventory without Navistar's assistance, or that Navistar prevented the occurrence of the condition precedent. Clutch Auto may not amend its complaint in its response brief. *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)(recognizing "the axiomatic rule that a plaintiff may not amend his complaint in his response brief"). Therefore, Clutch Auto has failed to state a breach of contract claim with respect to Navistar's failure to purchase additional clutches from Clutch Auto.

### B. Duty of Good Faith and Fair Dealing

Navistar argues that the court should dismiss Clutch Auto's breach of contract claim to the extent that Clutch Auto alleges that Navistar breached an implied duty of good faith and fair dealing. Generally, a plaintiff is not permitted under Illinois law to bring an independent cause of action based on the duty of good faith and fair dealing. *See McArdle v. Peoria School Dist. No. 150*, 705 F.3d 751, 755 (7th Cir. 2013)(indicating that the duty is "used as an aid in construing a contract," and that "it does it permit a party to enforce an obligation not present in the contract")(citation omitted). Instead, the covenant of good faith and fair dealing implied in every

contract "limits the exercise of discretion vested in one of the parties to the contract." *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). Thus, "although the implied covenant of good faith and fair dealing does not create 'an enforceable legal duty to be nice or to behave decently in a general way,' it does require [the defendant] to exercise the discretion afforded to it in [the agreement] in a manner consistent with the reasonable expectations of the parties." *Id.* at 1445 (citations omitted); *see also Interim Health Care of Northern Illinois, Inc. v. Interim Health Care, Inc*., 225 F.3d 876, 884 (7th Cir. 2000)(stating that "[w]hen one party to a contract is vested with contractual discretion, it must exercise that discretion reasonably and with proper motive, and may not do so arbitrarily, capriciously or in a manner inconsistent with the reasonable expectations of the parties")(citation omitted).

Clutch Auto clearly has not sought to assert an independent cause of action based on Navistar's alleged breach of the implied duty of good faith and fair dealing. (Resp. 12); (Compl. Par. 34). Clutch Auto alleges in support of its single breach of contract claim that "Navistar's failure to exercise its discretion to work with Clutch Auto to sell as service parts the inventory of clutches already built by Clutch Auto . . . also constitute[s] [a] breach of [Navistar's] duty of good faith and fair dealing." (Compl. Par. 34). Navistar ignores this allegation in its briefing on the motion, and instead focuses solely on the allegations relating to the purchase the Inventory and the potential negotiations for a production supply agreement. However, Clutch Auto's allegations with respect to Navistar's breach of the implied duty of good faith

and fair dealing do not solely relate to those alleged facts. The language in the Release clearly grants Navistar broad discretion in terms of Navistar's obligation to work with Clutch Auto to sell the Inventory, and Clutch Auto has alleged as much. Therefore, Clutch Auto has stated a valid breach of contract claim with respect to the alleged breach of Navistar's duty of good faith and fair dealing in failing to work with Clutch Auto to sell the Inventory through Navistar's authorized dealers.

## CONCLUSION

Based upon the foregoing analysis, the motion to dismiss is granted with respect to the promissory fraud claim and with respect to the breach of contract claim as it relates to Navistar's alleged failure to purchase clutches from Clutch Auto. The motion to dismiss is denied with respect to the breach of contract claim as it relates to Navistar's alleged breach of the duty of good faith and fair dealing.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   May 8, 2013