IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CLUTCH AUTO LIMITED,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 12 C 9564 |
| | ) |
| **NAVISTAR, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Navistar, Inc.'s (Navistar) partial motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

**BACKGROUND**

Plaintiff Clutch Auto Limited (Clutch Auto) is allegedly a clutch manufacturer. On June 18, 2008, Clutch Auto allegedly entered into a supply agreement (Supply Agreement) with Navistar, a vehicle manufacturer. Under the terms of the Supply Agreement, Clutch Auto allegedly agreed to manufacture and supply clutches to Navistar that met Navistar's unique specifications. To produce clutches for Navistar, Clutch Auto allegedly made a significant investment in research and development, training, machinery, testing, hiring, and infrastructure.

1

After doing so, Clutch Auto allegedly produced clutches for Navistar based on Navistar's Electronic Data Interchange (EDI) visibility and product forecast requirements.

On February 24, 2011, Navistar allegedly terminated the Supply Agreement. Subsequently, Navistar allegedly refused to purchase more than five million dollars worth of clutches that had been manufactured for Navistar (Inventory). Clutch Auto and Navistar allegedly had several discussions regarding whether the terms of the Supply Agreement required Navistar to purchase the Inventory. At meetings held on June 27, 2011 (June Meeting) and September 19, 2011 (September Meeting), Persio Lisboa (Lisboa), Navistar's Chief Procurement Officer, allegedly made several false promises and misrepresentations to Vijay Mehta (Mehta), Clutch Auto's Chairman and Managing Director, assuring good faith intentions to continue their business relationship and to work with Clutch Auto to sell Clutch Auto's inventory. Clutch Auto allegedly relied on Lisboa's promises during those meetings and allegedly reached a tentative agreement with Navistar to settle the dispute.

On November 9, 2011, Lisboa allegedly sent Mehta a draft settlement agreement (Letter Agreement), and on November 10, 2011, the Letter Agreement was allegedly fully executed by the parties. The terms of the settlement reflected in the Letter Agreement were allegedly contingent upon Clutch Auto signing a release of Clutch Auto's claims against Navistar (Release). Under the terms of the Letter Agreement, Navistar allegedly agreed to pay for $575,545.00 worth of the Inventory. Navistar also allegedly promised to enter into a new Service Parts Supply

Agreement, under which Navistar would purchase additional clutches from Clutch Auto to be used as service parts in existing vehicles. In addition, Navistar allegedly agreed to enter into a future supply agreement with Clutch Auto for clutches to be used in new cars. Further, under the Release, Navistar allegedly agreed to work with Clutch Auto to sell the remaining Inventory as service parts through Navistar's authorized dealers.

Clutch Auto alleges that during several meetings and exchanges prior to the execution of the Letter Agreement and Release, Navistar made misrepresentations regarding its willingness to do future business with Clutch Auto. Further, Navistar allegedly provided a business plan (Business Plan) to Clutch Auto that showed a projected increase in the future sale of Clutch Auto's products to Navistar. Clutch Auto alleges that based on Navistar's misrepresentations regarding future business between the parties during multiple meetings, Clutch Auto agreed to sign the Letter Agreement and Release. Since that time, Navistar allegedly has not made any effort to work with Clutch Auto to sell the Inventory and allegedly has not made any offer to purchase the Inventory or any other product from Clutch Auto. Instead, Navistar has allegedly purchased clutches for use as service parts from Clutch Auto's competitors.

On May 8, 2013, the court granted in part and denied in part Navistar's partial motion to dismiss. Navistar's motion to dismiss was granted with respect to the promissory fraud claim and with respect to the breach of contract claim as it related to Navistar's alleged failure to purchase clutches from Clutch Auto, and was denied

with respect to the breach of contract claim as it related to Navistar's alleged breach of the duty of good faith and fair dealing. On August 12, 2013, Clutch Auto filed an amended complaint. Clutch Auto includes in its amended complaint a breach of contract claim (Count I), and a promissory fraud claim (Count II), pled in the alternative. Navistar now moves to dismiss the promissory fraud claim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Navistar argues that Clutch Auto has failed to state a valid claim for promissory fraud. Under Illinois law, claims for promissory fraud are not generally recognized, but "an exception exists for certain fraudulent schemes, [which] applies if the misrepresentation is embedded in a larger pattern of deception or the deceit is particularly egregious." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 865 (7th Cir. 2013); *see also Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1354-55 (7th Cir. 1995)(stating that "promissory fraud is actionable only if it either is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy"); *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992)(recognizing that "[p]romissory fraud is a disfavored cause of action in Illinois because fraud is easy to allege and difficult to prove or disprove," stating that "the burden on a plaintiff claiming promissory fraud is deliberately high," and indicating that "[i]n order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent–a scheme or device," and that "[i]f he cannot, it is in effect presumed that he cannot prove facts at trial entitling him to relief [because]

otherwise, anyone with a breach of contract claim could open the door to tort damages by alleging that the promises broken were never intended to be performed")(citations omitted). In addition, claims for promissory fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) (Rule 9(b)). *See, e.g.*, *Shair v. Qatar Islamic Bank*, 2009 WL 691249, at *1 (N.D. Ill. 2009).

Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud," which "ordinarily requires describing the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)(citations omitted); *see also* Fed. R. Civ. P. 9(b)(stating that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). Clutch Auto alleges in the amended complaint that "Navistar deliberately and intentionally made repeated false promises and misrepresentations, assuring Clutch Auto of Navistar's good faith intentions to continue their business relationship and to work with Clutch Auto to sell Clutch Auto's inventory." (A Compl. Par. 3).

In addition, Clutch Auto alleges that Navistar knowingly and repeatedly made "false promises that it did not intend to honor" "[i]n order to accomplish its scheme to induce Clutch Auto to execute the Letter Agreement and Release." (A Compl. Par. 38-39). Clutch Auto alleges that Lisboa represented to Mehta during the June Meeting in Naperville, Illinois that "Navistar would work with Clutch Auto to sell as service parts the clutch products already built by Clutch Auto," and that "after

6

Navistar successfully assisted Clutch Auto" in doing so, "Navistar would buy Clutch Auto's products under a new service parts agreements" and "would work with Clutch Auto to reach the target sales projections in Navistar's Business Plan." (A Compl. Par. 39(a),(c),(d)). Clutch Auto further alleges that Lisboa again made similar representations to Mehta during the September Meeting at Navistar's headquarters, as well as that "he desired to repair the parties' long-term mutually-beneficial relationship," and that "a new service parts agreement would be 'smooth and easy' because Lisboa had already received the necessary 'approvals' from Navistar, and Clutch Auto was already well established in Navistar's system." (A Compl. Par. 39(g),(k)).

      Clutch Auto alleges that Navistar's "deliberate and intentional false promises and misrepresentations were material to Clutch Auto's decision to execute the Letter Agreement and Release" and that it "reasonably relied upon Navistar's misrepresentations to conclude that future sales from new supply agreements for service and production parts would be more lucrative than obtaining a judgment against Navistar for the amount of the existing inventory," and that "such reliance [wa]s not unreasonable as a matter of law." (A Compl. Par. 40); (Resp. 15). Such allegations address the who, what, when, where, and how regarding the alleged misrepresentations at issue in this case. The amended complaint mentions the parties involved, Lisboa and Mehta, the specific dates and locations of the meetings, as well as the details of the conversations. Therefore, such representations meet the heightened pleading requirements of Rule 9(b).

In addition, with respect to the Business Plan that Clutch Auto was allegedly given by Navistar during a meeting on May 4, 2008, Clutch Auto includes names in the amended complaint of representatives from Navistar, including Andy Zielinski, Steve Giglio, and Marie Asbury, who allegedly "provided Clutch Auto with market share figures based on its own historical sales, projected sales, and market trends that indicated steady, ever-increasing sales of Clutch Auto's products as service parts." (A Compl. Par. 30). Thus, the allegations relating to the Business Plan also satisfy the heightened pleading requirements of Rule 9(b). Taking into consideration the allegations of fraud that satisfy the particularity requirements of Rule 9(b), Clutch Auto has sufficiently pled a larger pattern of deception. *See Shield Technologies Corp. v. Paradigm Positioning, LLC*, 908 F. Supp. 2d 914, 919-20 (N.D. Ill. 2012)(finding that "Illinois courts recognize a somewhat nebulous exception for 'schemes of promissory fraud'"). Based on the above, Clutch Auto has sufficiently alleged a promissory fraud claim under Illinois law, and the partial motion to dismiss is denied.

## CONCLUSION

Based upon the foregoing analysis, the partial motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 18, 2013