**UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Clutch Auto Limited, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 12-cv-9564 |
| | ) | |
| v. | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| Navistar, Inc., | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**NAVISTAR, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Navistar, Inc. ("Navistar"), by its attorneys, respectfully moves the Court, pursuant to Fed. R. Civ. P. 56, for summary judgment. In support of its Motion, Navistar states as follows:

1. Pursuant to Federal Rule 56(c)(2), summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

2. In its lone remaining count, Clutch Auto claims that Navistar breached the parties' November 10, 2011 Release agreement by failing to work with Clutch Auto to sell the certain inventory. (First Am. Compl., Document No. 40 ¶ 39.)

3. As set forth more fully in Navistar's Memorandum in Support of Its Motion for Summary Judgment and Navistar's Local Rule 56.1(a)(3) Statement of Undisputed Facts As To Which There Is No Genuine Issue, Navistar is entitled to summary judgment because Clutch Auto cannot establish the existence of two essential elements of its breach of contract claim: (1)

a breach by the defendant and (2) resultant damages. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *TAS Distributing Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007).

    4.    Clutch Auto cannot establish a breach of the contract for two reasons. First, the particular acts and omissions which Clutch Auto claims constitute a breach of the "work with" provision of the Release are not required by, and in fact are belied by the plain language of the Release itself. When a party bases a breach of contract claim on specific obligations not contained in the contract, summary judgment is appropriate. *Denil v. deBoer, Inc.*, 748 F. Supp. 2d 967, 976-78 (W.D. Wis. 2010). *See also Auto-Chlor Sys. of Minnesota, Inc. v. JohnsonDiversey*, 328 F. Supp. 2d 980 (D. Minn. 2004). Second, in any event, the undisputed facts establish that Navistar satisfied its obligation to work with Clutch Auto under the Release. *See India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651 (7th Cir. 2010) and *Gateway Systems, Inc. v. Chesapeake Systems Solutions, Inc.,* 836 F. Supp. 2d 625 (N.D. Ill. 2011).

    5.    Navistar is also entitled to summary judgment because Clutch Auto cannot prove resultant damages, another essential element of its claim, because Clutch Auto cannot show causation nor provide a reasonable basis to compute its damages. *TAS*, 491 F.3d at 632, 637.

    6.    But even if this Court holds that Navistar has not established that it is entitled to summary judgment with respect to Clutch Auto's entire claim, the Court may grant partial summary judgment with respect to specific categories of damages if those damages are not recoverable as a matter of law or if the plaintiff cannot prove its entitlement to those damages with reasonable certainty. *See, e.g., Kinesoft Dev. Corp. v. Softbank Holdings Inc.*, 139 F. Supp. 2d 869, 908 (N.D. Ill. 2001) (granting partial summary judgment on lost profits claims).

WHEREFORE, Navistar respectfully requests that the Court grant Navistar's Motion for Summary Judgment, enter judgment in Navistar's favor on Clutch Auto's claim, and grant any and all other such relief as this Court deems just.

Dated: September 26, 2014          Respectfully submitted,

NAVISTAR, INC.

By:   /s/ Sandy L. Morris

One of its attorneys

Robert S. Markin (IL No. 6187738)
Sandy L. Morris (IL No. 6270309)
Mark W. Wallin (IL No. 6304226)
CHICO & NUNES, P.C.
333 West Wacker Drive, Suite 1420
Chicago, Illinois 60606
Tel: (312) 463-1000
Fax: (312) 463-1001
rmarkin@chiconunes.com
smorris@chiconunes.com
mwallin@chiconunes.com

**CERTIFICATE OF SERVICE**

  I, Sandy L. Morris, an attorney, hereby certify that on this 26th day of September, 2014, a copy of the foregoing was filed electronically. Parties may access this filing through the court's system.

                /s/ Sandy L. Morris